# EXHIBIT A

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**KELLY BROWN and STEPHANIE
FORRESTER, individually, and on
behalf of all others similarly situated,**

      **Plaintiffs,**

v.                                                    **Case No.: 8:18-CV-01772-T-35CPT**

**OMNI MANAGEMENT GROUP LLC,
ALL SEASONS TRAVEL AND
RESORT INC. d/b/a VACATION
VILLAS OF FLORIDA; LAWRENCE
FLYNN and DESLYN PATRAM FLYNN,**

      **Defendants.**

_____/

## DEFENDANT ALL SEASONS TRAVEL AND RESORT INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND ESI TO DEFENDANT, ALL SEASONS TRAVEL AND RESORT d/b/a VACATION VILLAS OF FLORIDA

Defendant, ALL SEASONS TRAVEL AND RESORT INC. d/b/a VACATION

VILLAS OF FLORIDA ("Defendant"), by and through its undersigned counsel, and pursuant

to Rule 34 of the Federal Rules of Civil Procedure, hereby provides its responses and objections

to Plaintiffs' First Request for Production of Documents and ESI to Defendant, All Seasons

Travel and Resort d/b/a Vacation Villas of Florida.

## RESERVATION OF RIGHTS

Any response or production of documents by Defendant, in response to Plaintiffs' First

Request for Production of Documents and ESI to Defendant, All Seasons Travel and Resort

d/b/a Vacation Villas of Florida, will be subject to Defendant's right to object to the admission

into evidence of any and all such documents on the grounds that they, or any of them, are irrelevant to the issues in this action or otherwise inadmissible. The responses and objections herein are based upon Defendant's present knowledge, information, and belief, as derived from (a) the knowledge and information of present employees gained in their capacity as such and (b) review of files maintained by Defendant which would be likely to contain the information called for by Plaintiffs' First Request for Production of Documents and ESI to Defendant, All Seasons Travel and Resort d/b/a Vacation Villas of Florida. The responses and objections are subject to amendment as, and if, Defendant acquires additional information and completes its review and analysis of this case.

## GENERAL OBJECTIONS

1.     To the extent that Plaintiffs' requests, including any instructions or definitions, seek production of documents subject to the attorney-client, work product, or other privileges or protections, Defendant objects to the requests. In responding to the requests herein, Defendant does not waive, but rather preserves all such privileges and protections.

2.     Defendant objects to the requests, including any instructions or definitions, to the extent that they call for Defendant to undertake any action not required by the Federal Rules of Civil Procedure or seek information outside of Defendant's possession, custody, or control.

3.     Defendant objects to the requests, including any instructions or definitions, to the extent that they seek confidential, proprietary, or trade secret information. Defendant will produce the relevant, non-privileged confidential or proprietary business information pursuant to an appropriate confidentiality agreement.

2

4.      Defendant objects to the requests, including any instructions or definitions, to the extent they require Defendant to (i) create documents or other materials not already in existence or (ii) conduct any new investigation.

5.      Defendant objects to the requests, including any instructions or definitions, to the extent that they seek information already in the possession, custody, or control of Plaintiffs on the grounds that it would be unduly burdensome to require such a response.

6.      Defendant also objects to the extent that any of these requests seek electronically-stored information ("ESI") and the production of which would require Defendant to incur an oppressive cost or other undue burden.

7.      Defendant objects to these requests to the extent that they contain no temporal or geographic limitation or seek information beyond the employing or work unit on the grounds that it is overbroad, unduly burdensome, and not relevant or reasonably calculated to lead to the discovery of admissible evidence.  See Earley v. Champion Int'l Corp., 907 F.2d 1077, 1084-85 (11th Cir. 1990).

8.      Defendant will provide a privilege log in accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure for discoverable and responsive documents or information withheld on the basis of a privilege.  Defendant objects to the requests, including any instructions or definitions, to the extent they seek information not required by Rule 26(b)(5). Moreover, to the extent that Defendant has asserted both an objection based on relevance and privilege, those documents will not be listed on a privilege log at this time.  The assertion of privilege is made merely to preserve the objection in the event that the relevance objection is overruled.  If the relevance objection is overruled, at that time, it will provide a privilege log

3

in accordance with Rule 26(b)(5).  It would be unduly burdensome to require Defendant to identify documents on a privilege log that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

9.     Defendant's responses to any of the individual requests shall be subject to, and without waiver of, these General Objections.

## TIME, PLACE, AND MANNER OF PRODUCTION

Defendant will produce the documents in paper format at the office of Defendant's attorneys during ordinary business hours on a mutually agreeable date, or at another place mutually agreed upon by counsel for the parties, at a mutually agreeable date and time.  In the alternative, Plaintiffs may request counsel for Defendant to provide copies of the documents, which will be provided after payment of reasonable copying charges on a mutually agreeable date.

**DEFENDANT ALL SEASONS TRAVEL AND RESORT INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND ESI TO DEFENDANT, ALL SEASONS TRAVEL AND RESORT d/b/a VACATION VILLAS OF FLORIDA**

Notwithstanding the foregoing objections, and without waiving the same, Defendant responds to each numbered paragraph of Plaintiffs' requests in correspondingly numbered paragraphs, as follows:

*1.     Emails and text messages sent from any plaintiff in this case (including opt in Plaintiffs), to Lawrence Flynn or Deslyn Flynn, or any supervisor, manager, human resources or payroll manager during the period of the term of their employment discussing or referencing any of the following terms: work hours, schedules, compensation, pay, wages, overtime, minimum wages, the FLSA, Florida state minimum wage laws, commission or bonuses, suspension or termination of employment during the relevant class period.*

**RESPONSE:**  Objection.  Request No. 1 is vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case.  In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrases "supervisor, manager, human resources or payroll manager" or "the relevant class period."  This request also does not contain a reasonable subject matter, temporal, or geographic limitation.

*2.     All emails between any of the following persons: Lawrence Flynn or Deslyn Flynn, Michelle Bonnono (sp) with discuss or reference: work hours, schedules, compensation, pay, wages, overtime wages or overtime hours, minimum wages, the FLSA, Florida state minimum wage laws, commission or bonuses.*

**RESPONSE:**  Objection.  Request No. 2 is vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case.  In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "work hours, schedules, compensation, pay, wages, overtime wages or overtime hours, minimum wages, the

FLSA, Florida state minimum wage laws, commission or bonuses." This request also does not

contain a reasonable subject matter or temporal limitation.

3.      *All emails between any of the following persons: Lawrence Flynn, Deslyn Flynn, or Michelle Bonnono discussing any of the Plaintiffs as of the date this lawsuit was filed on: July 19th, 2018, or which discusses or references or relates to the claims asserted or filed in this case.*

**RESPONSE:**  Objection.  Request No. 3 is vague, ambiguous, overbroad, unduly

burdensome, and seeks the production of documents that are not relevant, likely to lead to the

discovery of admissible evidence, or proportional to the needs of the case.  In particular,

Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "the claims

asserted or filed in this case."  This request also does not contain a reasonable subject matter

limitation.

4.      *All documents or memorandums sent, delivered or presented to any inside sales representative or customer service employee by any corporate officer or manager of Defendants, which discusses or references: overtime, work hours, schedules, time clock, recording time, off the clock work, overtime rates, overtime policies, minimum wages, and company time recording and tracking procedures and systems during the years 2015 to the present.*

**RESPONSE:**  Objection.  Request No. 4 is vague, ambiguous, vastly overbroad,

unduly burdensome, and seeks the production of documents that are protected by the attorney

client privilege and/or work product doctrine and/or are not relevant, likely to lead to the

discovery of admissible evidence, or proportional to the needs of the case.  In particular,

Defendant is without knowledge as to Plaintiffs' intended meaning of the phrases "inside sales

representative," "customer service employee," or "overtime, work hours, schedules, time

clock, recording time, off the clock work, overtime rates, overtime policies, minimum wages,

and company time recording and tracking procedures and systems." This request also does not contain a reasonable subject matter, temporal, or geographic limitation.

> 5.    *All commission and bonus statements and related records or worksheets for computing or calculating any bonuses or commissions for any Plaintiff in this case, and all related documents and records used or relied upon for calculating bonuses or commissions earned or paid to Plaintiffs.*

**RESPONSE:**  Objection.  Request No. 5 is vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case.  In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrases "commission and bonus statements," "related records or worksheets," or "bonuses or commissions."  This request also does not contain a reasonable temporal limitation.

> 6.    *Any record, report, document, chart which explains Defendant's commission and bonus policy and commission and bonus plan in effect or instituted during the period of 2014 to the present, and, including all records or documents which related to changes in the commission or bonus policies and plans in use for Plaintiffs and all other inside sales representatives.*

**RESPONSE:**  Objection.  Request No. 6 is cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case.  In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "commission or bonus policies and plans" or "other inside sales representatives."  This request also does not contain a reasonable temporal or geographic limitation.

7.     *The documents and records which relate to the deductions from the gross wages on any weekly paycheck of the Plaintiffs in this case, including deductions for loan repayment, headsets and other deductions, or such documents and records you contend support the deductions taken.*

**RESPONSE:**   Objection.   Request No. 7 is vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case.   In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "other deductions."  This request also does not contain a reasonable temporal limitation.

8.     *Any payroll and time records for the Plaintiffs in this case, including time cards, electronically stored records of time punches or times logged in and out, and any records of editing or changes by someone in management, personnel, payroll or HR.*

**RESPONSE:**   Objection.   Request No. 8 is vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case.   In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "editing or changes by someone in management, personnel, payroll or HR."  This request also does not contain a reasonable temporal, subject matter, or geographic limitation.  Notwithstanding this objection, and without waiving the same, please see the payroll and time records Defendant has already produced pursuant to the Court's FLSA Scheduling Order.

9.     *All memorandums, training materials, or presentations related to Defendants' overtime wage policies, procedures for employees to claim or report overtime hours, the Defendants' claimed or relied upon EXEMPTIONS under the FLSA you contended or deemed applicable to any inside sales representative or employee, or which was ever communicated as applicable to inside sales representatives, including the plaintiffs in this case.*

**RESPONSE:**   Objection.   Request No. 9 is vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client

privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery

of admissible evidence, or proportional to the needs of the case.  In particular, Defendant is

without knowledge as to Plaintiffs' intended meaning of the phrase "memorandums, training

materials, or presentations related to Defendants' overtime wage policies, procedures for

employees to claim or report overtime hours, the Defendants' claimed or relied upon

EXEMPTIONS under the FLSA" or "inside sales representative or employee."  This request

also does not contain a reasonable temporal, subject matter, or geographic limitation.

   10.    *The payroll records for Plaintiffs and Opt-In Plaintiffs in this lawsuit worked during the relevant class period to the present, including time cards, time sheets, and any records of hours worked.*

   **RESPONSE:**  Objection.  Request No. 10 is vague, ambiguous, overbroad, unduly

burdensome, and seeks the production of documents that are not relevant, likely to lead to the

discovery of admissible evidence, or proportional to the needs of the case.  In particular,

Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "the relevant

class period."   This request also does not contain a reasonable temporal limitation.

Notwithstanding this objection and without Defendant waiving the same, Defendant agrees to

produce the payroll records for Stephanie Forrester, Kelly Brown, and Hannah Zuelke, to the

extent they have not already been produced pursuant to the Court's FLSA Scheduling Order.

To the extent this request seeks additional documents, Defendant maintains its objections.

   11.    *For any chargebacks to any paycheck of Plaintiffs, all supporting documents and records related.*

   **RESPONSE:**   Objection.   Request No. 11 is cumulative, vague, ambiguous,

overbroad, unduly burdensome, and seeks the production of documents that are not relevant,

likely to lead to the discovery of admissible evidence, or proportional to the needs of the case.

In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "chargebacks to any paycheck of Plaintiffs." This request also does not contain a reasonable temporal or subject matter limitation.

> 12.    *Any records, documents, ESI or databases which can or does identify the times worked, times accessed or logged in or used by any Plaintiff for the relevant class period, including telephone records, emails, bade swipe records, data entry records, and other records, badge swipes, customer service notes, or ESI, time tracking systems, login information from any database or computer.*

**RESPONSE:** Objection. Request No. 12 is cumulative, vague, ambiguous, vastly overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrases "relevant class period" or "bade swipe records." This request also does not contain a reasonable temporal, subject matter, or geographic limitation.

> 13.    *Any records or ESI which identify or demonstrate the minutes or hours any inside sales representative was at the office working, or working offsite by remote, including all videos of the offices where any inside sales rep entered or exited the building during the relevant class period.*

**RESPONSE:** Objection. Request No. 13 is cumulative, vague, ambiguous, vastly overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrases "inside sales rep" or "the relevant class period." This request also does not contain a reasonable temporal or geographic limitation.

*14.    Any memorandum, note, letter, report, email or communication which discusses knowledge of any inside sales representative working overtime hours during the years relevant class period to the present.*

**RESPONSE:**  Objection.  Request No. 14 is vague, ambiguous, vastly overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case.  In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrases "inside sales representative working overtime hours" or "relevant class period."  This request also does not contain a reasonable temporal, subject matter, or geographic limitation.

*15.    Any memorandum, note, letter, report, email or communication which discusses the inclusion of bonuses and commissions for calculating the regular rates of pay or overtime rates of pay for any inside sales Representatives during the relevant class period.*

**RESPONSE:**  Objection.  Request No. 15 is cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case.  In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrases "bonuses and commissions," "inside sales Representatives" or "the relevant class period."  This request also does not contain a reasonable temporal limitation.

*16.    Any studies, surveys, reports, analysis of the job duties and responsibilities actually performed by inside sales Representatives, the hours worked, the amount of time each job duty or task takes or is spent during any given period of time, whether conducted by your or a third party internally, and all comments, opinions discussing the results.*

**RESPONSE:**  Objection.  Request No. 16 is vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client

11

privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery

of admissible evidence, or proportional to the needs of the case.  In particular, Defendant is

without knowledge as to Plaintiffs' intended meaning of the phrase "[a]ny studies, surveys,

reports, analysis of the job duties and responsibilities actually performed by inside sales

Representatives."  This request also does not contain a reasonable temporal or geographic

limitation.

     17.    *Any documents, records, or communications, including emails, which contain discussions or reference to the total weekly work hours that an inside sales Representative is expected or required to work, including any discussion or reference to coming in early, staying late or working through some or all of lunches during the relevant class period.*

**RESPONSE:**   Objection.  Request No. 17 is cumulative, vague, ambiguous,

overbroad, unduly burdensome, and seeks the production of documents that are protected by

the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead

to the discovery of admissible evidence, or proportional to the needs of the case.  In particular,

Defendant is without knowledge as to Plaintiffs' intended meaning of the phrases "inside sales

Representatives," "discussion or reference to coming in early, staying late or working through

some or all of lunches," or "the relevant class period."  This request also does not contain a

reasonable temporal, subject matter, or geographic limitation.

     18.    *All guidelines, memorandums, emails, communications, records which identify or relate to reference or describe the manner in inside sales representatives are to track, log and report their work times, or log in or out of any time recording or tracking system during the relevant class period.*

**RESPONSE:**   Objection.  Request No. 18 is cumulative, vague, ambiguous,

overbroad, unduly burdensome, and seeks the production of documents that are protected by

the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead

to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrases "inside sales representatives" or "the relevant class period." This request also does not contain a reasonable temporal, subject matter, or geographic limitation.

19.    *Any document, communication, training manual, training video, scripts, or presentations discussing or referencing the job duties and responsibilities of the inside sales representatives, including all similarities or differences by each and every job title used by you during the relevant class period.*

**RESPONSE:**  Objection. Request No. 19 is vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrases "the job duties and responsibilities of the inside sales representatives" or "the relevant class period." This request also does not contain a reasonable temporal, subject matter, or geographic limitation.

20.    *Job descriptions for all inside sales representative positions, including any position held by any of the Plaintiffs during the relevant class period, including all changes and proposed changes, and all postings for inside sales jobs during the relevant class period.*

**RESPONSE:**  Objection. Request No. 20 is vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrases "inside sales representative positions," or "the relevant class period." This request also does not contain a reasonable temporal, subject matter, or geographic limitation.

21.     *Any email, communication, report, memorandum document that contains an expression, comment, or statement regarding the implementation of new pay practices, new overtime policies or procedures, or changes in prior overtime or time tracking policies or procedures any time during the relevant class period to the present.*

**RESPONSE:**     Objection.     Request No. 21 is cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case.  In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrases "implementation of new pay practices, new overtime policies or procedures, or changes in prior overtime or time tracking policies or procedures" or "the relevant class period."  This request also does not contain a reasonable temporal, subject matter, or geographic limitation.

22.     *All audits, reports, studies or analysis related to the assessing or calculating the overtime wages potentially owed to any inside sales representative, or the non-exempt inside sales representatives as a class or group of employees as a whole owed or exposed to potentially have to pay at any time, whether conducted internally or by third parties during the years 2015 to the present.*

**RESPONSE:**     Objection.     Request No. 22 is vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case.  In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrases "audits, reports, studies or analysis," 'any inside sales representative," "the non-exempt inside sales representatives," or "class or group of employees as a whole owed or exposed to potentially have to pay at any time."  This request also does not contain a reasonable temporal, subject matter, or geographic limitation.

23.     *Any document, record, or communication by any present or former employee, or by any third party, questioning, challenging, criticizing or opposing your classification of inside sales representatives under any title as exempt under the FLSA, or the exemption asserted, or which otherwise calls for, suggests the Defendant reclassify any inside sales rep positions to non exempt status.*

**RESPONSE:**  Objection.  Request No. 23 is vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case.  In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrases "questioning, challenging, criticizing or opposing your classification of inside sales representatives under any title" or "otherwise calls for, suggests the Defendant reclassify any inside sales rep positions."  This request also does not contain a reasonable temporal, subject matter, or geographic limitation.

24.     *All instructions, protocols, manuals, guidelines, memorandums and all related emails which discuss the supervision of the inside sales representatives, their work hours, schedules, production, job performance, and job requirements during the years 2015 to the present.*

**RESPONSE:**   Objection.    Request No. 24 is cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case.  In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrases "all related emails," "supervision of the inside sales representatives,' or "their work hours, schedules, production, job performance, and job requirement."  This request also does not contain a reasonable temporal, geographic, or subject matter limitation.

25.    *Records and documents which identify or describe all policies, procedures, protocols and guidelines related to Defendant's computers, computer systems, electronic data, cloud platforms, programs and electronic media and which address any of the following topics: a) backup procedures, b) electronic data retention, preservation and destruction schedules, (including but not limited to emails); c) employee use of company computers, data and other technology, d) data file naming conventions and standards, e) password, encryption and other security protocols, disk, CD, DVD and other removable media labeling standards, email storage conventions, procedures, and protocols.*

**RESPONSE:**   Objection.   Request No. 25 is vague, ambiguous, vastly overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case.   In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrases "electronic data retention, preservation and destruction schedules," "other technology," or "other security protocols."   Moreover, this request does not contain a reasonable temporal, geographic, or subject matter limitation.

26.    *A complete copy of all personnel or other files maintained on or about the named and "Opt-In" Plaintiffs, including but not limited to any and all communications and records discussing each employee's job performance, work hours, schedules, quotas, as well as job reviews and reasons for resignations or termination.*

**RESPONSE:**   Objection.   Request No. 26 is cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case.   In particular, this request does not contain a reasonable temporal limitation.   Further, this request appears to seek information of a personal, private, or confidential nature relating to individuals who are not a party to this action.   Notwithstanding this objection and without Defendant waiving the

16

same, to the extent this request seeks the personnel files maintained by Defendant for Stephanie Forrester, Kelly Brown, and Hannah Zuelke, Defendant agrees to produce same. To the extent this request seeks additional documents, Defendant maintains its objections.

27.    *All text messages sent to any Plaintiff in this action by any person in management payroll or personnel, including Larry and Deslyn Flynn and Michelle Bonnono.*

**RESPONSE:**   Objection.   Request No. 27 is cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case e. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "any person in management payroll or personnel." This request also does not contain a reasonable temporal or subject matter limitation.

28.    *All text messages between Larry Flynn, Desyln Flynn or Michelle Bonnono discussing or referencing any plaintiff in this case.*

**RESPONSE:**   Objection.   Request No. 28 is cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. This request also does not contain a reasonable temporal or subject matter limitation.

29.    *All cell phone records for any telephone used by Larry Flynn, Deslyn Flynn or Michelle Bonnono during the period of July 2018 to the present, including the records which identify the communications company providing service and the telephone numbers used.*

**RESPONSE:**   Objection.   Request No. 29 is vague, ambiguous, vastly overbroad, unduly burdensome, and seeks the production of documents that are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. Further, this

request appears to seek information of a personal, private, or confidential nature relating to an individual who is not a party to this action. This request also does not contain a reasonable temporal or subject matter limitation.

30.   *Copies of any and all payroll records for each Plaintiff and Opt-In Plaintiff for the years 2015 to present, including all W-2s, paycheck stubs, payroll statements, commissions or bonus statements, 1099s and other payroll records including time cards, if any, and any documents identifying the value of all fringe benefits provided and the contribution amounts.*

**RESPONSE:**   Objection. Request No. 30 is duplicative, cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrases "fringe benefits" or " contribution amounts." This request also does not contain a reasonable temporal limitation. Notwithstanding this objection and without Defendant waiving the same, please see the documents Defendant agrees to produce in response to Request Nos. 8, 10, and 26 herein. To the extent this request seeks additional documents, Defendant maintains its objections.

31.   *Job descriptions or other documents detailing and referencing all job duties and job requirements performed by the Plaintiffs while employed with the Defendant, whether distributed to the employees or maintained internally.*

**RESPONSE:**   Objection. Request No. 31 is duplicative, cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case.

In particular, this request also does not contain a reasonable temporal or subject matter limitation.

    32.    *Copies of all records of any claims or lawsuits filed against any named Defendant during the period of 2015 through the present related to claims for overtime wages, minimum wages, or claims for commissions or bonuses, including but not limited to complaints reported to the Department of Labor or any State or Federal agency, and all records of investigations by the DOL or any state or federal agency.*

**RESPONSE:** Objection. Request No. 32 is vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, this request also does not contain a reasonable temporal, subject matter, or geographic limitation.


    33.    *As to any claims in #32, provide all communications between you and from the claiming party or person, the DOL or state or federal agency, or any attorney representing any of the parties.*

**RESPONSE:** Objection. Request No. 33 is cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, this request also does not contain a reasonable temporal, subject matter, or geographic limitation.

    34.    *All settlement documents related to any settlement of any overtime or minimum wage claims during the period of 2015 to the present for any inside sales representative, whether related to any claims or lawsuits identified in #32 or #33, or resolved through direct communications with the person or their attorney.*

**RESPONSE:** Objection. Request No. 34 is cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "any inside sales representative." This request also does not contain a reasonable temporal, subject matter, or geographic limitation.

35.    *All records of any complaints or charges filed by any present or former inside sales representative employee with any state agency or Department of Labor alleging violations of the FLSA overtime or minimum wage requirements, or the state of Florida wage laws during the period of 2015 to the present, and all communications between you and the DOL related to such claims.*

**RESPONSE:** Objection. Request No. 35 is duplicative, cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrases "complaints or charges" or "present or former inside sales representative employee." This request also does not contain a reasonable temporal, subject matter, or geographic limitation.

36.    *All documents or records that you contend support Defendant's denial of Plaintiff's claims, including any document you relied upon or rely upon for your Answer and Affirmative Defenses.*

**RESPONSE:** Objection. Request No. 36 is vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery

20

of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrases "relied upon or rely upon" or "Answer and Affirmative Defenses." None of the defenses in Defendants' Answers and Defenses are labeled as "affirmative defenses."

37.    *As to any EXEMPTION asserted applicable to the Plaintiffs or any inside sales representative, provide all records, legal opinions, or other documents or records you relied upon for classifying any inside sales representatives as exempt, and, in asserting an exemption defense in the ANSWER.*

**RESPONSE:**    Objection.    Request No. 37 is duplicative, cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrases "any EXEMPTION asserted applicable to the Plaintiffs or any inside sales representative," "relied upon for classifying any inside sales representatives as exempt," or "asserting an exemption defense in the Answer." This request also does not contain a reasonable temporal limitation.

38.    *Any employee handbooks, manuals or other documents identifying company policies and procedures controlling or governing employment, job duties and overtime wages, minimum wages, bonuses and commissions, for the years 2015 to the present.*

**RESPONSE:**    Objection.    Request No. 38 is duplicative, cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase

"procedures controlling or governing employment, job duties and overtime wages, minimum wages, bonuses and commissions." This request also does not contain a reasonable temporal, subject matter, or geographic limitation.

39.     *Any and all documents, emails, memoranda of any kind, and any notes or written communications discussing whether to pay inside sales Representatives overtime premiums or overtime wages for the period of 2015 to the present.*

**RESPONSE:**   Objection.   Request No. 39 is duplicative, cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "inside sales Representatives." This request also does not contain a reasonable temporal, subject matter, or geographic limitation.

40.     *Any reports, memorandums, or documents demonstrating knowledge the company has of one or inside sales Representative working in excess of forty (40) hours per week during the years 2015 to the present, including, but not limited to, average hours, and any studies or analysis, surveys or reports of the estimated number of hours such employees had in the past or were currently working in overtime hours during the years 2015 to the present.*

**RESPONSE:**   Objection.   Request No. 40 is cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrases "one or inside sales Representative working" or "such employees." This request also does not contain a reasonable temporal, subject matter, or geographic limitation.

22

*41.     All documents, records, writings, DOL opinions, or written legal opinions and ESI of any kind you have relied upon or do now rely upon for your affirmative defense related to good faith compliance with the FLSA overtime wage laws, and in defense of the claim for liquidated damages.*

**RESPONSE:**     Objection.     Request No. 41 is duplicative, cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "your affirmative defense." None of the defenses in the Answer are labeled as "affirmative defenses." This request also does not contain a reasonable temporal limitation.

*42.     All written legal opinions which state, opine, or conclude that you are or have at anytime violated the state or federal minimum wage laws or the federal overtime wage law related or which disputes or refutes that your actions or conduct in failing to pay overtime wages, or compensate employees at the correct minimum wage is a violation of the state or federal wage laws.*

**RESPONSE:**     Objection.     Request No. 42 is duplicative, cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "written legal opinions." This request also does not contain a reasonable temporal or subject matter limitation.

23

*43.     All written legal opinions and other documents relied upon for any affirmative defense of EXEMPTION under the FLSA.*

**RESPONSE:**   Objection.   Request No. 43 is duplicative, cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrases "written legal opinions," "affirmative defense," or "EXEMPTION under the FLSA." None of the defenses in the Answer are labeled as "affirmative defense." This request also does not contain a reasonable temporal or subject matter limitation.

*44.     All audits, studies, assessments of the job duties and responsibilities as performed by any inside sales reps during the years 2015 to the present, whether internal or by a third party, and the application of any exemption to the job duties performed.*

**RESPONSE:**   Objection.   Request No. 44 is duplicative, cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrases "audits, studies [or] assessments," "inside sales reps," or "third party." This request also does not contain a reasonable temporal or geographic limitation.

*45.     Documents showing payments to any inside sales representative in response to any complaints, formal or informal, for alleged improper overtime pay practices of the FLSA or any State Wage laws during the years 2015 to the present.*

**RESPONSE:**   Objection.   Request No. 45 is cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by

the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrases "inside sales representative," "complaints," or "improper overtime pay practices of the FLSA or any State Wage laws." This request also does not contain a reasonable temporal or subject matter limitation.

46.     *Payroll records demonstrating the payment of overtime wages for any inside sales representative during the period of 2015 to the present.*

**RESPONSE:**   Objection.   Request No. 46 is cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "any inside sales representative." This request also does not contain a reasonable temporal or geographic limitation.

47.     *All emails between any supervisor or manager of any Plaintiff in this case discussing hours worked, work performed, quotas, job performance, overtime hours, working from home, emails or telephone calls on weekends and after business hours, work schedules of any named Plaintiff, or Opt-In Plaintiff, during the relevant class period.*

**RESPONSE:**   Objection.  Request No. 47 is cumulative, vague, ambiguous, vastly overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "the relevant

class period." This request also does not contain a reasonable temporal, subject matter, or geographic limitation.

48.    *All documents, records, communications, emails, corporate minutes which reference limiting, curtailing, or addressing overtime hours worked by inside sales representatives or of the clock work.*

**RESPONSE:**    Objection.    Request No. 48 is cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case.  In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "documents, records, communications, emails, corporate minutes which reference limiting, curtailing, or addressing overtime hours worked by inside sales representatives or of the clock work."  This request also does not contain a reasonable temporal or subject matter limitation.

49.    *The records identified by your in your initial disclosures as being relied upon for defenses, and, any other documents relied upon in answering the complaint.*

**RESPONSE:**    Objection.    Request No. 49 is cumulative, vague, ambiguous, overbroad, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case.  Notwithstanding this objection and without Defendant waiving the same, Defendant agrees to produce the documents identified in its Rule 26 Initial Disclosures.

50.    *All records identifying the names, address and telephone numbers of any current or former managers, directors or supervisors of the inside sales Representatives who are or were employed by Defendant during the three (3) years preceding the filing of the complaint in this action, and if no longer employed, their last known address and telephone numbers, and personal emails.*

**RESPONSE:** Objection. Request No. 50 is vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "current or former managers, directors or supervisors of the inside sales Representatives." This request also does not contain a reasonable temporal or geographic limitation. Further, this request appears to seek information of a personal, private, or confidential nature relating to individuals who are not a party to this action.

51.     *Records identifying the names, addresses, telephone numbers and personal email addresses, and dates of employment for all inside sales representatives employed during the period of the 3 years preceding the filing of this complaint to the present.*

**RESPONSE:** Objection. Request No. 51 is vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "all inside sales representatives." This request also does not contain a reasonable temporal, subject matter, or geographic limitation. Further, this request appears to seek information of a personal, private, or confidential nature relating to individuals who are not a party to this action.

52.    *All minutes or transcripts or recordings of Board of Directors meetings during 2015 to the present in which the following topics were discussed: overtime hours, overtime or minimum wage claims for inside sales reps or employees, the FLSA exemptions for inside sales reps, this lawsuit or any prior lawsuit or formal claim for wages owed to inside sales representatives.*

**RESPONSE:**   Objection.   Request No. 52 is cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "minutes or transcripts or recordings of Board of Directors meetings," "overtime or minimum wage claims for inside sales reps or employees," or "the FLSA exemptions for inside sales reps." This request also does not contain a reasonable temporal or subject matter limitation.

53.    *All emails sent by any Plaintiff in this case at any time after that individual's set or scheduled regular shift had ended, or which by the time sent in the email, identifies that individual being at work after their scheduled shift, or, which demonstrates the person working prior to the scheduled shift start time.*

**RESPONSE:**   Objection.   Request No. 53 is vague, ambiguous, vastly overbroad, unduly burdensome, and seeks the production of documents that are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "[a]ll emails sent by any Plaintiff in this case at any time after that individual's set or scheduled regular shift had ended, or which by the time sent in the email, identifies that individual being at work after their scheduled shift, or, which demonstrates the person working prior to the scheduled shift start time." This request also does not contain a reasonable temporal or subject matter limitation.

*54.     All emails received by a supervisor or manager sent from a named Plaintiff or member of the putative class at any time after that individual's regular hour shift had ended or which by the time sent identifies that individual being at work after their scheduled shift.*

**RESPONSE:**  Objection.  Request No. 54 is vague, ambiguous, vastly overbroad, unduly burdensome, and seeks the production of documents that are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case.  In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "[a]ll emails received by a supervisor or manager sent from a named Plaintiff or member of the putative class at any time after that individual's regular hour shift had ended or which by the time sent identifies that individual being at work after their scheduled shift."  This request also does not contain a reasonable temporal or subject matter limitation.  Additionally, this request appears to seek information not in the possession, custody, or control of Defendant.

*55.     All documents, records, or communications related to complaints, issues or concerns expressed by any officer, manager, Human resources employee, related to the failure to pay overtime or minimum wages, the failure to track and record all the work hours of the inside sales reps, or the unreliability of the time tracking or time recording system or policies in place during the relevant class period.*

**RESPONSE:**  Objection.  Request No. 55 is cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case.  In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrases "complaints, issues or concerns," "inside sales reps" or "the relevant class period."  This request also does not contain a reasonable temporal limitation.

29

56.   *All lawsuits or complaints asserted against you by any customer or purchaser of your products or services which alleges fraud or deceptive or unfair business practices during the years 2015 to the present.*

**RESPONSE:**   Objection.   Request No. 56 is vague, ambiguous, vastly overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case.   In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrases "[a]ll lawsuits or complaints" or "fraud or deceptive or unfair business practices."   This request also does not contain a reasonable temporal, subject matter, or geographic limitation.

57.   *All powerpoint presentations, videos, web pages related to the products or services offered or sold by you during the years 2015 to the present.*

**RESPONSE:**   Objection.   Request No. 57 is vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case.   This request also does not contain a reasonable temporal, subject matter, or geographic limitation.

58.   *All training guides, training materials, training manuals, telephone scripts for inside sales reps utilized by you during the years 2015 to the present.*

**RESPONSE:**   Objection.   Request No. 58 is cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase

"inside sales reps." This request also does not contain a reasonable temporal, subject matter, or geographic limitation.

59.    *All video of the entrance to the office, building and department where plaintiffs worked or where any non-exempt or hourly paid sales reps worked during the relevant class period.*

**RESPONSE:**  Objection.  Request No. 59 is vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case.  In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "paid sales reps" or "the relevant class period." This request also does not contain a reasonable temporal, subject matter, or geographic limitation.

60.    *All documents, contracts, purchase orders or sales forms which have a time stamp on them associated with any sale closed or completed by any Plaintiff in this case.*

**RESPONSE:**  Objection.  Request No. 60 is vague, ambiguous, vastly overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case.  This request also does not contain a reasonable temporal or subject matter limitation.

61.    *All emails between any potential or confirmed customer and any plaintiff in this case discussing your products or services, the sales, vacations, timeshare property or silver lake resort, your licenses or prices.*

**RESPONSE:**  Objection.  Request No. 61 is cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrases

31

"potential or confirmed customer" or "licenses or prices." This request also does not contain a reasonable temporal or subject matter limitation.

62.    *All telephone logs and telephone records, and logs or DATA from any computer, workstations, database, or programs showing the login or logout times for all plaintiffs in this case.*

**RESPONSE:**    Objection.    Request No. 62 is cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "[a]ll telephone logs and telephone records, and logs or DATA from any computer, workstations, database, or programs showing the login or logout times for all plaintiffs in this case." This request also does not contain a reasonable temporal, subject matter, or geographic limitation.

63.    *All reports or summaries associated with the telephone talk times or number of telephone calls made by any individual inside sales representatives, any group of inside sales representatives, any department or the office in total for any period of time such as a day, week, month or year.*

**RESPONSE:**    Objection.    Request No. 63 is cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "individual inside sales representatives, any group of inside sales representatives, any department or the office in total." This request also does not contain a reasonable temporal or geographic limitation.

64.     *All communications, emails, reports, memorandums and documents which discuss sales quotas, sales goals, telephone call requirements or goals, telephone metrics, sales or production quotas, or which measure and compare the performance of any group of inside sales reps for any given period of time during the relevant class period.*

**RESPONSE:**   Objection.   Request No. 64 is cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case.   In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "group of inside sales reps" or "the relevant class period."   This request also does not contain a reasonable temporal, subject matter, or geographic limitation.

65.     *All PAYCHEX or external time records for all Plaintiffs in this case, and all audit trails, records of edits by any employee or manager for time entries or records for any inside sales rep during the period of 2015 to the present.*

**RESPONSE:**   Objection.   Request No. 65 is cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. This request also does not contain a reasonable temporal, subject matter, or geographic limitation.   Notwithstanding this objection and without Defendant waiving the same, please refer to the documents Defendant agreed to produce in response to Request Nos. 8, 10, or 26 herein.   To the extent this request seeks additional documents, Defendant maintains its objections.

33

66.    *Any email or text message which relates to a manager telling, warning or instructing against any inside sales rep making or submitting claims for overtime or minimum wages, or warning against claiming overtime or minimum hours owed, or challenging the compensation or their paycheck as a violation of state or federal wage laws.*

**RESPONSE:**   Objection.   Request No. 66 is cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrases "inside sales rep" or "making or submitting claims for overtime or minimum wages." This request also does not contain a reasonable temporal or geographic limitation.

67.    *All records identifying the names, last known address and telephone numbers of all inside sales representatives and their direct supervisors or manager, and all sales directors in each office during the relevant class period.*

**RESPONSE:**   Objection.   Request No. 67 is cumulative, vague, ambiguous, vastly overbroad, unduly burdensome, and seeks the production of documents that are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "all inside sales representatives and their direct supervisors or manager, and all sales directors in each office during the relevant class period." This request also does not contain a reasonable temporal or geographic limitation.   Further, this request appears to seek information of a personal, private, or confidential nature relating to individuals who are not a party to this action.

68.    *Any document or record relied upon or which relates to the alleged reason for suspending, disciplining, or terminating Stephanie Forrester's employment.*

**RESPONSE:**   Objection.   Request No. 68 is cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by

the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "documents or records relied upon" or "alleged reason for suspending, disciplining, or terminating Stephanie Forrester's employment." This request also does not contain a reasonable temporal limitation.

     *69.    All communications between any officer, manager, Larry Flynn or Deslyn Flynn discussing or referencing suspending or terminating Stephanie Forrester as an employee, or the reasons for suspending or terminating Stephanie Forrester as an employee.*

**RESPONSE:**    Objection.  Request No. 69 is cumulative, vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrases "officer," "manager," or "suspending or terminating Stephanie Forrester as an employee." This request also does not contain a reasonable temporal or subject matter limitation.

     *70.    All communications, statements or documents sent in response to Stephanie Forrester's claim for unemployment benefits/compensation.*

**RESPONSE:**    Objection.  Request No. 70 is vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "[a]ll communications, statements or documents sent in response to Stephanie Forrester's claim for unemployment

benefits/compensation." This request also does not contain a reasonable temporal or subject matter limitation.

71.    *All records of investigations by any state or federal agency related to your business practices during the years 2015 to the present, including all communication between you and any such state or federal agency.*

**RESPONSE:** Objection. Request No. 71 is vague, ambiguous, overbroad, unduly burdensome, and seeks the production of documents that are protected by the attorney-client privilege and/or work product doctrine and/or are not relevant, likely to lead to the discovery of admissible evidence, or proportional to the needs of the case. In particular, Defendant is without knowledge as to Plaintiffs' intended meaning of the phrase "business practices." This request also does not contain a reasonable temporal, subject matter, or geographic limitation.

Dated this 14 day of December, 2018.

Respectfully submitted,

GREGORY A. HEARING
Florida Bar No. 817790
ghearing@tsghlaw.com
BENJAMIN W. BARD
Florida Bar No. 95514
bbard@tsghlaw.com
Thompson, Sizemore, Gonzalez
    & Hearing, P.A.
Post Office Box 639
Tampa, Florida  33601
Telephone (813) 273-0050
Facsimile (813) 273-0072
Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via e-mail and U.S. Mail on this 14th day of December, 2018, to the following.  Mitchell Feldman, Esq., and Benjamin Williams, Esq., counsel for Plaintiffs.

_____
Attorney