UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KELLY BROWN and STEPHANIE FORRESTER,
Individually, and on behalf of all
Others similarly situated,

    Plaintiffs,

v.                                        Case No: 8:18-cv-1772-T-35-CPT

OMNI MANAGEMENT GROUP LLC, ALL
SEASONS TRAVEL AND RESORT INC. d/b/a
VACATION VILLAS OF FLORIDA; LAWRENCE
FLYNN and DESLYN PATRAM FLYNN,

    Defendants.
_____/

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTIONS TO COMPEL DISCOVERY

Defendants by and through their undersigned counsel hereby oppose Plaintiffs multiple motions to compel. In support thereof Defendants state:

1. The undersigned counsel was not a party to any of the discovery issues complained of in Plaintiff's Motion to Compel. All the obstructionist conduct complained of was by Defendants' former counsel and Plaintiff's intentional misrepresentations to the Court, which conflate the conduct of prior counsel with the good faith conduct of the new counsel is inappropriate.

2. From the moment the undersigned was engaged, she has attempted to work with Plaintiff's counsel and improve the Plaintiff/Defendant relationship and eliminate the acrimony that had developed between Plaintiff's counsel and Defendant's prior counsel.

3. For example, in the very first conversation between the undersigned and Plaintiff's counsel, the Defendant ended the longstanding ongoing fight regarding the service on Defendant

Deslyn Flynn. Despite having a possible basis to continue to fight service, the undersigned advised Plaintiff's counsel that service would be waived, immediately ending that dispute. The undersigned also assured Plaintiff's counsel that Defendant would no longer engage in obstructionist tactics and would instead work with Plaintiff to efficiently litigate the case. In that conversation the undersigned had also offered to provide updated responses, but Plaintiff's attorney advised the undersigned he preferred to mediate first and Defendants acquiesced to that request.

4. The mediation occurred on April 3rd and all claims were resolved other than Plaintiff Forrester's retaliation claim. However, negotiations to attempt to settle that claim as well continued until April 24, 2018. Consequently, nothing was done toward updating the discovery as long as the negotiations continued and settlement seemed possible.

5. In addition, Plaintiff's counsel was notified several days prior to leaving that the undersigned would be out of the country from April 25th to May 15th. Nonetheless, Plaintiff's counsel pressed the undersigned about the discovery and the undersigned and Defendant agreed to make its best efforts to provided updated discovery responses by May 20.

6. Despite the undersigned efforts to work with Plaintiff's counsel immediately upon taking on the case and continuing, Plaintiff's counsel has continued to engage in unnecessarily hostile communications and conduct.

7. For example, notwithstanding that agreement, Plaintiff's counsel sent the undersigned emails while she was away, demanding the discovery responses, seemingly having forgotten the agreement. In addition, despite the fact that the undersigned filed the Answer of Deslyn Flynn (for which there was no court ordered deadline) on April 29, without checking the docket or emailing the undersigned, Plaintiff's counsel filed a baseless Motion for Default,

requiring the undersigned the spend time communicating with Plaintiff's counsel. After finally conceding the Motion should not have been filed, it was withdrawn; then Plaintiff threatened a Motion to Strike Defendant's Answer, wrongfully contending the answer was not timely. This threat again wasted time and attorney's fees on both sides. All this occurred while the undersigned was out of the country, as known by Plaintiff's counsel.

8. Unless threats are "good faith communications," Plaintiffs' counsel did not engaged in good faith communications to resolve the discovery dispute. Instead, Plaintiff's counsel did not contact the undersigned prior to filing the Motion to Compel.

9. If Plaintiffs' counsel had contacted the undersigned prior to filing the motion to compel (and more specifically prior to incurring unnecessary fees for filing the motion to compel), Defendants' counsel would have advised Plaintiffs' counsel that upon return from vacation, the undersigned encountered unexpected medical issues which took precedence, distracted the undersigned and caused her to miss the agreed deadline. The undersigned returned from a lengthy trip on May 15 and shortly thereafter learned that she would have to undergo medical procedures, which have been ongoing. This resulted in the undersigned failing to advise Plaintiff's counsel of the short delay in responding.

10. Furthermore, as Plaintiffs' counsel well knows, the undersigned was not required to provide responses until May 20th, per the agreement between the parties. Therefore any claim that the responses are months overdue is patently false and misleading. They are 2 days overdue.

11. As is his practice, instead of calling or emailing the undersigned regarding this matter, Plaintiffs' counsel has undertaken to engage in unnecessary motion practice simply to increase his attorneys fees.

12. Defendants' counsel intends to and is attempting to fully respond to the discovery in an appropriate manner. It is not stonewalling nor is attempting to thwart Plaintiff's efforts to proceed with the litigation. Accordingly, Defendants will provide updated answers to interrogatories and updated responses to the request for production as well as documents in the next three (3) business days.  Plaintiff would be harmed by this delay. There are no deadlines pending that would be affected by this.

Wherefore, Defendants request that the court deny Plaintiffs motions to compel better answers to interrogatories and better responses to requests for production. Defendants request the Court deny plaintiffs demand for attorneys' fees and that Defendants be awarded their attorney fees for responding to this motion and as a sanction for Plaintiffs' unprofessional and unnecessarily vexatious conduct which only serves to increase the costs of this litigation.

Respectfully submitted this 23rd day of May, 2019.

    */s/ Lorraine Hultman*
LORRAINE MAASS HULTMAN, ESQ.
Florida Bar Number: 250511
NIKHIL N. JOSHI, ESQ.
Florida Bar Number: 123803
*Attorneys for Defendants*
Of Counsel, Miller Tack & Madson
2055 Wood Street, Suite 208
Sarasota, FL 34237
(941) 953-2828
(941) 953-3018 Fax
lori@peolawyers.net
nik@peolawyers.net
djohnson@hsjlawfirm.com

## **CERTIFICATE OF SERVICE**

I, HEREBY CERTIFY that on this 23rd day of May, 2019, a true and correct copy of the foregoing has been filed electronically using the Court's CM/ECF system and that copies of the same have been served via email to:

Mitchell L. Feldman, Esq.
Florida Bar No. 008349
*Attorney for Plaintiffs*
Feldman Williams PLLC
6940 W. Linebaugh Ave. #101
Tampa, Florida 33625
(813) 639-9366
(813) 639-9376 Fax
mlf@feldmanlegal.us

*/s/ Lorraine Hultman*
LORRAINE MAASS HULTMAN, ESQ.
Florida Bar Number: 250511
NIKHIL N. JOSHI, ESQ.
Florida Bar Number: 123803
*Attorneys for Defendants*
Of Counsel, Miller Tack & Madson
2055 Wood Street, Suite 208
Sarasota, FL 34237
(941) 953-2828
(941) 953-3018 Fax
lori@peolawyers.net
nik@peolawyers.net
djohnson@hsjlawfirm.com