UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KELLY BROWN and STEPHANIE FORRESTER,
individually, and on behalf of all
others similarly situated,

      Plaintiffs,

v.

OMNI MANAGEMENT GROUP LLC, ALL
SEASONS TRAVEL AND RESORT INC. d/b/a
VACATION VILLAS OF FLORIDA; LAWRENCE
FLYNN and DESLYN PATRAM FLYNN,

      Defendants.
_____/

COLLECTIVE ACTION and CLASS ACTION

Case No.: 8:18-cv-01772-MSS-CPT

### PLAINTIFF'S MOTION TO COMPEL DEFENDANT DESLYN FLYNN TO RESPOND TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT, DESLYN FLYNN

Plaintiff, by and through her undersigned counsel, pursuant to Federal Rule of Civil Procedure 37, submits Plaintiff's Motion to Compel Defendant Deslyn Flynn to Respond to Plaintiff's First Set of Interrogatories to Defendant, Deslyn Flynn, and in support thereof states as follows:

1.    On July 19, 2018, Plaintiffs filed a complaint against Omni Management Group, LLC (Omni), All Seasons Travel and Resort Inc. (All Seasons), Lawrence Flynn, and Deslyn Patram Flynn (collectively Defendants), alleging violations of the overtime provisions of the Fair Labor Standards Act (FLSA), Florida's Minimum Wage Act, and Article X, Section 24 of the Florida Constitution.

2. Plaintiff served Defendant Deslyn Flynn Plaintiff's First Set of Interrogatories on May 3, 2019.

3. Defendant's response was due on or before June 3, 2019.

4. Defendant did not serve ANSWERS within the timeframe set out under Federal Rule of Civil Procedure 33.

5. Accordingly, Defendant has waived all objections. Defendant did not seek any enlargement of time to provide timely Answers to the Interrogatories, either through the undersigned or through the court as required under the rules prior to the due date having expired.

6. Plaintiff's counsel notified Defendant's counsel that the discovery was past due and that a motion to compel would be filed.

7. On June 14, 2019, Plaintiff's counsel conferred by telephone with Defendant's counsel as per local rule 3.01(g) related to the past due ANSWER as Plaintiff's counsel was then forced to file a motion to compel. During this communication, Defense counsel represented that she would produce her Answer by June 19, 2019. However, no stipulation was agreed upon for enlarging the time to be timely with the ANSWER nor any agreement that Defendant could have revived the ability to assert objections, which were already waived as a matter of law and the Rules after the deadline to respond had passed. Plaintiff had every right to require full and complete ANSWERS without objections and still does today.

8. Regardless, Defendant still did not produce ANSWERS to Plaintiff's Interrogatories by June 19, 2019, the date promised, and now Plaintiff files the instant Motion to

Compel which is necessary to bring about Defendant's compliance with her discovery obligations under the RULES.

9. Defendant's inaction here continues the unfortunate cycle of Plaintiff propounding discovery requests to one (1) of the four (4) Defendants; then Defendants not serving a proper timely response or answer within the deadlines set out by the Federal Rules of Civil Procedure, then Defendants promising they will produce by a new date, and then Defendants still not producing by the promised new date. Further, Defendants continue to, even when they do respond untimely and past due, assert OBJECTIONS waived as a matter of law.

10. Defendants' stall tactics and non-compliance with discovery obligations have been pervasive throughout this case when Plaintiffs' first served discovery upon the Defendants October 16, 2018. At that time, Plaintiffs served Plaintiffs' First Set of Interrogatories to Defendants Omni and All Seasons. AFTER requesting thirty (30) days additional time to respond, which was agreed upon, Defendants Omni and All Seasons instead served nothing but objections to ALL interrogatories and all Requests to Produce same on December 14, 2018. Defendants REFUSED to answer any of the interrogatory questions, effectively stalling and delaying these proceedings and refusing to participate in discovery.

11. On January 4, 2019, Plaintiffs' counsel conferred for about ninety (90) minutes with Defendants' counsel to resolve these discovery disputes. No resolution was achieved. On January 30, 2019, Plaintiffs' counsel again conferred with Defendants' counsel, and again, no resolution was achieved.

12. Defendants' new attorney and Plaintiff's counsel thereafter discussed the responses from Defendants who did respond, namely Omni and All Seasons. Defense counsel

agreed to provide amended responses to Plaintiff's First Request For Production, and providing Amended Answers to Plaintiff's First Set of Interrogatories from these same defendants.

13.   Defendants Omni and All Seasons agreed to provide these amended answers and responses to Plaintiff's discovery by May 3, 2019, and when that deadline was missed, promised to produce by May 17, 2019,

14.   Defendants then requested additional time to provide the amended responses and amended Answers until May 20, 2019, although the undersigned did not agree in writing.

15.   However, consistent with Defendants past abusive discovery tactics, and willful refusal to comply with discovery, of course May 20, 2019 came and went and no amended responses to Plaintiff's First Request For Production or Interrrogatory Answers were ever provided by Defendants Omni or All Seasons, nor did their attorney explain why or ask for more time.

16.   Plaintiffs filed a Motion to Compel Answers to Interrogatories after Omni and All Seasons refused to answer a single interrogatory question.  See Dkt. 25.

17.   Similarly, Plaintiff served a Request to Produce to Defendant Lawrence Flynn on January 31, 2019 and did not receive a timely response.  Defendants asked for additional time, until May 20, 2019, and then did not serve a response by the date they requested.  Plaintiff filed a Motion to Compel (Dkt. 62) on May 22, 2019 and Defendant then served his response eight (8) days later, but even then, the response was not complete as it did not fully respond to all of Plaintiff's requests even though all objections were waived months ago due to Defendant's untimely response.  In other words, Defendant missed the deadline pursuant to the Federal Rules,

Defendant missed the deadline Defendant proposed, and then Defendant served a response only after Plaintiff filed a motion to compel.

18. The prejudice here is colossal, severe and extreme, and should be shocking to all. Since October 2018, Plaintiff's discovery requests have been met with purposeful delays, missed deadline, refusal to cooperate in discovery, and objections to everything.

19. Unfortunately, Plaintiff's prior Motions to Compel were dismissed by the Court on April 24, 2019 and the disputes and all of the Defendants objections have never been resolved. Dkt. 50.

20. Relevant discoverable information and records continues to be concealed, withheld and intentionally and willfully so by Defendants in an attempt to frustrate the Plaintiff.

21. When reviewing the responses to Plaintiffs' Request for Production and Interrogatories together, this Court can see that Defendants' actions and entire conduct are tantamount to a refusal to comply with their discovery obligations and duties, and are asserted with the obstructionist intent to prevent, stall, delay, and frustrate Plaintiffs' discovery requests.

22. Discovery is and has been concealed and prevented, intentionally and willfully by Defendants.

23. As Defendant Deslyn Flynn, who is a party to this action, has willfully refused to even respond to Plaintiff's First Set of Interrogatories and never filed or served any objections, an IMMEDIATE ORDER is required to obtain compliance with the Rules and prevent further harm and prejudice to Plaintiff Forrester.

24. As would be par for the course, Defendant will likely serve untimely ANSWERS replete with objections in response to the Motion, as defendants and their counsel seem to be only willing to serve responses and answers after motions to compel are filed.

25. Defendants have a pattern of being dilatory in discovery responses, requesting more time after not living up to promises, and then only responding after motions are filed, and still then making numerous objections and leaving disputes which require court intervention to resolve.

26. Defendant did not seek any Motion for Protective Order to limit the discovery request, nor was there filed any request to enlarge the time to respond. Frankly, Defendants in whole just willfully disregard the discovery requirements and deadlines, and then when notified of being past due make promises to deliver discovery responses and answers and then just blow past the promised delivery date without a word.

**MEMORANDUM OF LAW**

The overall purpose of discovery is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts and therefore embody a fair and just result. See *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). The Rules strongly favor full discovery whenever possible. See *Moore v. Armour Pharmaceutical Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991). Under the federal rules, parties are entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Discoverable information includes information that may not be admissible into evidence. Id. Under Rule 26(b), "parties may obtain discovery regarding any matter, not privileged, that is

relevant to the claim or defense of any party. Courts construe relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on any issue that is or may be in the case." See *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Documents relating to "credibility, truthfulness, or veracity" should be produced. See *Hupp v. San Diego Cty.*, No. 12cv0492 GPC(RBB), 2014 U.S. Dist. LEXIS 52741, at *25 (S.D. Cal. Apr. 9, 2014).

"When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." See *In re EpiPen (Epinephrine Injection, USP) Mktg.*, No. 17-md-2785-DDC-TJJ, 2018 U.S. Dist. LEXIS 97433, at *26 (D. Kan. June 11, 2018). A party responding to discovery "should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories." See *Stoldt v. Centurion Indus.*, No. 03-2634-CM-DJW, 2005 U.S. Dist. LEXIS 2343, at *7 (D. Kan. Feb. 3, 2005).

"Moreover, Rule 37 mandates that if a motion to compel is granted the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A). The Court, however, must not order the payment if: (i) the movant filed a motion before attempting in good faith to obtain the disclosure or discovery without court intervention; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; (iii) other circumstances make an award of expenses unjust. Fed. R. Civ. P.

37(a)(5)(A)(i)-(iii)." See *Bernath v. Seavey*, No. 2:15-cv-358-FtM-99CM, 2016 U.S. Dist. LEXIS 165809, at *20-21 (M.D. Fla. Dec. 1, 2016).

Plaintiffs served Defendant Flynn with the subject discovery request on May 3, 2019. Pursuant to Federal Rule of Civil Procedure 33, a party has thirty (30) days to respond to interrogatories. Here, Defendant Flynn's response was due on June 3, 2019, but no response was received and is therefore untimely. Accordingly, all objections were waived. Defendant's counsel then agreed to produce the requested discovery by June 19, 2019 and again Defendant did not produce anything. As Defendant Flynn failed to timely respond, any objections asserted should be deemed waived. "A party who fails to assert objections to discovery within the time permitted by the rule, stipulation or court order, waives any objections and is precluded "from asserting the objection in a response to a motion to compel." Middle District Discovery at 11, III. A. 6. Furthermore, if a party objects to a discovery request, but then responds to the request without complying with the aforementioned rules allowing a clearly defined partial response, the party is deemed to have waived its objection." *Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-cv-69-Orl-19GJK, 2011 U.S. Dist. LEXIS 151474, at *8 (M.D. Fla. Dec. 7, 2011); See also *Parekh v. CBS Corp.*, No. 6:18-cv-466-Orl-40TBS, 2018 U.S. Dist. LEXIS 186872, at *3 (M.D. Fla. Nov. 1, 2018) ("Because Plaintiff's responses were untimely, he waived whatever objections he might otherwise have had."). Accordingly, Defendant's possible objections are waived.

The prejudice here is colossal, severe and extreme. Combined with all the other abusive conduct of Defendants, outlined above and in the prior Motions to Compel, Defendants have willfully disregarded their discovery obligations under the Rules of Civil Procedure.

**CONCLUSION**

Defendant Flynn's failure to ANSWER Plaintiffs' First Set of Interrogatories is yet another instance of Defendants' overall abusive discovery tactics by stalling, delaying and seeking to prejudice the Plaintiff in this matter.  Looking at the totality of the circumstances, Defendants actions here demonstrate a clear pattern of obstructionism that is tantamount to a willful concealment of discoverable information.  Defendants' entire course of conduct throughout discovery should shock the conscience of this court.  There is no reasonable basis to provide Defendants the opportunity to assert untimely objections and just dispense with the deadlines of the rules.

WHEREFORE, Plaintiff Forrester requests this honorable Court immediately ORDER Defendant Deslyn Flynn to fully and completely respond to Plaintiffs' First Set of Interrogatories within seven (7) calendar days, and deem all objections waived by the untimely response, even if she subsequently responds after this Motion is filed.  Plaintiff Forrester requests an award of her reasonable attorney's fees for obtaining this order pursuant to Rule 37.  As no ANSWER was timely filed, and no objections were filed in a timely fashion, ALL interrogatories requested herein should be answered fully and completely, immediately and without further delay. Respectfully submitted June 20, 2019.

### Middle District Local Rule 3.01(g) Conferral

Pursuant to Local Rule 3.01(g), Plaintiff's counsel has conferred with opposing counsel concerning the relief it seeks herein, but is still unable to obtain the discovery requested and a ruling by the Court to ORDER compliance with the discovery rules is necessary.  This  motion is  made  on  the  grounds stated herein and is not interposed for the purpose of delay.

### Certificate of Service

I hereby certify that on June 20, 2019, a true and correct copy of the foregoing was

served via the Court's CM/ECF electronic filing system. The CM/ECF system will forward a Notice to all interested parties and said parities may access this filing through the Court's system.

                                                     */s/ Mitchell L. Feldman, Esq.*
Mitchell L. Feldman, Esq.
Florida Bar No. 008349
FELDMAN LEGAL GROUP
6940 W. Linebaugh Ave., #101
Tampa, Florida 33625
Telephone: (813) 639-9366
Fax: (813) 639-9376
Email: mlf@feldmanlegal.us
Secondary: mhockensmith@feldmanlegal.us
Attorney for Plaintiff