UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KELLY BROWN and STEPHANIE FORRESTER,
Individually, and on behalf of all
Others similarly situated,

    Plaintiffs,

v.                                                                           Case No: 8:18-cv-1772-T-35CPT

OMNI MANAGEMENT GROUP LLC, ALL
SEASONS TRAVEL AND RESORT INC. d/b/a
VACATION VILLAS OF FLORIDA; LAWRENCE
FLYNN and DESLYN PATRAM FLYNN,

    Defendants.
_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTIONS TO COMPEL

Defendants OMNI MANAGEMENT GROUP LLC, ALL SEASONS TRAVEL AND RESORT, LAWRENCE FLYNN AND DESLYN PATRAM FLYNN, (collectively "Defendants"), by and through their undersigned counsel, file this Response in Opposition to Plaintiff's Motions to Compel (Doc. Nos. 81, 82, and 83) and state as follows:

1. On May 3, 2019, Plaintiff served Defendant Deslyn Flynn Plaintiff's First Set of Interrogatories and Plaintiff's Amended First Requests for Production of Documents and served Plaintiff's First Set of Interrogatories to Defendant Lawrence Flynn ("discovery at issue").

2. Prior to May 3, 2019, Plaintiff's counsel was previously informed Defendants' prior counsel, Lorraine Hultman, would be out of the country from April 25, 2019 through May 15, 2019.

3. After Defendants' prior counsel returned, Defendants worked to resolve disputes over prior discovery. (Doc. Nos. 61 – 64).

4. The discovery responses at issue were due on June 3, 2019.

5. Defendants were unable to serve timely responses to the discovery at issue due in part to prior counsel's unavailability during the applicable time period, and in part to Defendants' efforts to resolve the prior discovery dispute, and other pending issues between the parties.

6. Additionally, irreconcilable differences and other conflicts arose between Defendants and their previous counsel Lorraine Hultman.

7. Plaintiff filed Motions to Compel Responses to the discovery at issue on June 20, 2019. (Doc. Nos. 81, 82, and 83).

8. Defendants retained the law firm of Fisher & Phillips LLP on June 21, 2019.

9. Defendants served responses to the discovery at issue on June 24, 2019.

10. Defendant Deslyn Flynn's Answers to Plaintiff's First Set of Interrogatories are full and complete answers. The only objection within Defendant Flynn's Answers is that she found an interrogatory ambiguous and confusing and attempted to answer to the extent she understood the interrogatory. Accordingly, Defendant's Motion to Compel is moot and therefore should be denied as to Ms. Flynn's responses and objections to Plaintiff's First Set of Interrogatories. (Doc. No. 81).

11. In regards to the Requests for Production at issue, Defendant Deslyn Flynn only objected to Plaintiff's Requests for Production Nos. 11, 14, 15.

12. Request No. 11 sought telephone bills and invoices which relate to smart phones used by Defendant Deslyn Flynn during the time any Plaintiff was employed to the present. This request has no bearing on the issues in the case and its only purpose is to harass Defendant Deslyn Flynn. Telephone bills and invoices also do not show any content of communications and provide

no useful information for Plaintiff's prosecution of her retaliation claim. There is simply no good faith basis for this request.

13. Request No. 14 seeks a copy of Defendant Deslyn Flynn's driver's license Plaintiff's counsel was provided to Plaintiff's counsel at Defendant Deslyn Flynn's deposition and no longer needs the information requested in Request No. 14.

14. Request No. 15 seeks a copy of a utility bill showing Defendant Deslyn Flynn's current address. Defendant Deslyn Flynn's utility bill is not reasonably related in any way to Plaintiff's claim. Additionally, as noted above, Plaintiff's counsel was provided this information at Defendant Deslyn Flynn's deposition and Plaintiff no longer needs this information.

15. In regards to the Interrogatories served to Defendant Lawrence Flynn, the only interrogatories objected to were Interrogatory Nos. 7, 9, and 12. However, Defendant Lawrence Flynn provided substantive answers to Interrogatory Nos. 7 and 12. Further, Defendants will provide a witness list in compliance with the Court's Case Management and Scheduling Order.

16. In regards to Interrogatory No. 12, Defendant directed Plaintiff to documents produced in discovery that identify the co-workers of Plaintiff.

17. Interrogatory No. 9, the remaining interrogatory at issue, is an improper interrogatory pursuant to the Middle District of Florida Discovery Handbook. Further, the remaining claim in this case is a claim of retaliatory discharge arising out of the Fair Labor Standards Act. The interrogatory at issue, requests information regarding previously resolved claims between the parties and is overbroad.

18. Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering

the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

19. Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2) requires the court to limit the frequency or extent of discovery where:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

20. Rule 33 allows a party to serve on another party interrogatories, and the responding party must respond or properly object to each interrogatory propounded. Fed. R. Civ. P. 33(b). Rule 34 allows a party to serve on any other party a request to produce within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). A request for production must state "with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). Rule 34 provides that "[t]he party to whom [a] request [to produce] is directed must respond in writing within 30 days after being served" unless the parties stipulate or the court orders otherwise. Fed. R. Civ. P. 34(b)(2)(A).

21. Under Rule 37, if a party fails to respond to a request for production or interrogatory, the party seeking the discovery may move to compel a response. Fed. R. Civ. P. 37(a).

22. Whether or not to grant a motion to compel is within the discretion of the district court. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 739, 731 (11th Cir. 1984).

23. The Court can also excuse an untimely response for good cause. *Bank of Mongolia v. M & P Global Financial Services, Inc.*, 258 F.R.D. 514, 518 (S.D.Fla.2009); *Wynmoor Cmty. Council, Inc. v. QBE Ins. Corp.*, 280 F.R.D. 681, 685 (S.D. Fla. 2012); *Bailey Indus., Inc. v. CLJP*, Inc., 270 F.R.D. 662, 668 (N.D. Fla. 2010).

24. Defendants can demonstrate good cause for failing to timely respond. First, Defendants counsel was out of the country from April 25, 2019 through May 15, 2019. Plaintiff's counsel was aware of the same. However, Plaintiff served the discovery at issue on May 3, 2019.

25. Upon Defendants counsel's return, the Defendants attempted to resolve previous discovery disputes. (Doc. Nos. 61 – 64). During this time, irreconcilable differences and conflicts emerged between Defendants and their previous counsel.

26. After being retained on June 21, 2019, Fisher & Phillips LLP worked expeditiously with Defendant's previous counsel to learn of the pending issues in this case. Defendants served their discovery responses to the discovery at issue on June 24, 2019.

27. As addressed above, Plaintiff's Motion to Compel Defendant Deslyn Flynn to Respond to Plaintiff's First Set of Interrogatories is now moot and therefore should be denied. (Doc. No. 81).

28. Plaintiff's Motions to Compel Responses to Plaintiff's Requests for Production to Defendant Deslyn Flynn should be denied because the remaining discovery sought by Plaintiff is improper and should be limited by this Court. *Fed. R. Civ. P.* 26(b)(2)(C)(ii).

29. Specifically, Request Nos. 14 and 15 of Plaintiff's Requests for Production to Defendant Deslyn Flynn had possession of Defendant Deslyn Flynn's driver license at her deposition. Additionally, Request No. 11 is beyond the scope permitted by Rule 26(b)(1).

30.     Interrogatory No. 9 of Plaintiff's Amended First Set of Interrogatories to Defendant Lawrence Flynn should also be limited by this Court because the Interrogatory is considered improper pursuant to the Middle District of Florida Discovery Handbook. Additionally, the Interrogatory seeks information related to claims that were previously settled by the parties in this litigation.

31.     Accordingly, the remaining discovery issues between the parties arise out of information sought by Plaintiff that is outside the scope of permissible discovery. Therefore, Plaintiff's Motions to Compel should be denied. (Doc. Nos. 81, 82, and 83).

WHEREFORE, the Defendants urge the Court to deny the Plaintiff's Motions to Compel.

FISHER & PHILLIPS, LLP

**/s/ Andrew Froman**
Andrew Froman
Florida Bar No.: 0019429
Brett P. Owens
Florida Bar No.: 112677
101 E. Kennedy Blvd.
Suite 2350
Tampa, Florida 33602
Telephone:  813-769-7500
Facsimile:  813-769-7501
bowens@fisherphillips.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY that on this 5th day of July, 2019, a true and correct copy of the foregoing has been filed electronically using the Court's CM/ECF system and that copies of the same have been served via email to:

Mitchell L. Feldman, Esq.
Florida Bar No. 008349
*Attorney for Plaintiffs*
Feldman Williams PLLC
6940 W. Linebaugh Ave. #101
Tampa, Florida 33625
(813) 639-9366
(813) 639-9376 Fax
dif@feldmanlegal.us

**/s/ Andrew Froman**
Andrew Froman
Florida Bar No.: 0019429
Brett P. Owens
Florida Bar No.: 112677
101 E. Kennedy Blvd.
Suite 2350
Tampa, Florida 33602
Telephone:  813-769-7500
Facsimile:  813-769-7501
bowens@fisherphillips.com

*Counsel for Defendants*