UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KELLY BROWN, individually, and on behalf of all others similarly situated and STEPHANIE FORRESTER, individually, and on behalf of all others similarly situated,**

　　Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　Case No: 8:18-cv-1772-T-35CPT

**OMNI MANAGEMENT GROUP, LLC, ALL SEASONS TRAVEL AND RESORT INC., LAWRENCE FLYNN, and DESLYN PATRAM FLYNN,**

　　Defendants.

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Motion for Civil Contempt, Sanctions and Supplemental Attorney's Fees filed by Plaintiff Stephanie Forrester ("Forrester"), (Dkt. 163), and the response in opposition thereto, (Dkt. 164); Plaintiffs' Motion for Entry of Judgment Pursuant to Rule 54(b), (Dkt. 165), the response in opposition thereto, (Dkt. 170), and the reply in support, (Dkt. 176); Plaintiffs Brown, Forrester and Zuehlke's Motion for Writ of Execution, Order to Permit and Compel Defendants' Compliance with Discovery in Aid of Execution, and for Order Compelling Defendants to Complete Fact Information Sheets, (Dkt. 173), and the response in opposition thereto, (Dkt. 181); Plaintiffs Kelly Brown, Stephanie Forrester and Hannah Zuehlke's Motion for Writ of Garnishment, (Dkt. 174), and the response in opposition thereto, (Dkt. 181); Plaintiffs' Motion for Leave to File a Reply to Writ of Garnishment and

Writ of Execution, (Dkt. 187); Plaintiffs Kelly Brown, Stephanie Forrester and Hannah Zuehlke's Motion for Continuing Writ of Garnishment, (Dkt. 188), and the response in opposition thereto, (Dkt. 189); and Plaintiffs' Motion for Supplemental Attorney's Fees, (Dkt. 195), and the response in opposition thereto. (Dkt. 196) Upon consideration of the relevant filings, case law, and being otherwise fully advised, Plaintiffs' Motions are **DENIED**.

On April 3, 2019, Plaintiffs Kelly Brown and Forrester and opt-in plaintiff Hannah Zuehlke (collectively, "Plaintiffs") settled their claims of unpaid overtime and minimum wage violations pursuant to the FLSA at mediation. (Dkt. 47) The sole remaining claim in this case is Forrester's retaliation claim. (Id.) At Plaintiffs' request, the Court approved the settlements and directed entry of partial judgments on the FLSA claims, which stated, consistent with the settlement agreements, that Defendants were jointly and severally liable to Plaintiffs for "[a]ttorney's fees and costs to be determined by the Court." (Dkts. 71, 73, 74, 75) The Partial Judgments include standard language that "In cases involving multiple parties or multiple claims, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984)." (Dkts. 73, 74, 75) The Court did not certify the judgments for immediate review. The Parties continued to litigate both the remaining FLSA retaliation claim as well as the amount of attorney's fees and costs to be awarded to Plaintiffs in connection with the resolution of the FLSA wage claims.

On February 27, 2020, the Court entered an Order awarding Plaintiffs $68,204.50 in attorney's fees and $560.00 in costs in connection with their FLSA wage claims. (Dkt.

152) The Order does not expressly direct Defendants to pay Plaintiffs, does not set forth any deadline for Defendants to pay the attorney's fees and costs awarded to Plaintiffs, and does not direct entry of a judgment or amendment of the partial judgments to reflect the amount of fees and costs awarded. (Id.) Forrester's retaliation claim remains pending in this matter.

Defendants have not paid the attorney's fees. Plaintiff Forrester has filed numerous motions seeking to enforce and execute upon the award of attorney's fees. Forrester contends that Defendants have "willfully violated the Court Order to pay attorney's fees and costs" by failing to pay the fees and costs. (Dkt. 163) Forrester contends that the award qualifies as a final order and judgment under Rule 54 and that Defendants' failure to pay constitutes contempt. (Id.) Forrester requests that the Court Order Defendants to comply with the February 27, 2020 Order, "strike Defendants' pleadings, enter default judgment against Defendants for the remaining claim of FLSA retaliation, order a monetary sanction of $1,000.00 per day Defendants fail to comply with this Court's Order, award [Forrester] post judgment interest, [and] award [Forrester] attorney's fees incurred in connection with this motion." (Id. at 8–9)

Thereafter, Plaintiffs moved the Court to "enter its Order from February 27, 2020 as a final judgment under Fed. R. Civ. P. 54(b)." (Dkt. 165) Somewhat conflictingly, Plaintiffs, referring to themselves as "judgment creditors," have filed motions seeking a writ of execution, discovery in aid of execution, a writ of garnishment, and a writ of continuing garnishment premised on the contention that the February 27, 2020 Order is already a "final money judgment." (Dkts. 173, 174, 188) Plaintiffs have also moved for

supplemental attorneys' fees, seeking fees incurred in connection with filing the above-mentioned motions. (Dkt. 195)

Courts have inherent power to enforce compliance with their lawful orders through civil contempt. See Shillitani v. U.S., 384 U.S. 364, 370, (1966). In a civil contempt proceeding, the petitioning party has the burden to establish by "clear and convincing" proof that the underlying order was violated. See Newman v. Graddick, 740 F.2d 1513, 1525 (11th Cir.1984). "This burden of proof is more exacting than the 'preponderance of the evidence' standard but, unlike criminal contempt, does not require proof beyond a reasonable doubt." Jordan v. Wilson, 851 F.2d 1290, 1292 (11th Cir.1988) (per curiam). The clear and convincing proof must demonstrate that: "1) the allegedly violated order was valid and lawful; 2) the order was clear and unambiguous; and 3) the alleged violator had the ability to comply with the order." See Georgia Power Co. v. N.L.R.B., 484 F.3d 1288, 1291 (11th Cir.2007).

Here, Forrester has not demonstrated that the February 27, 2020 Order was clear and unambiguous as to the deadline by which Defendants had to pay the attorney's fees. In fact, the Order did not specify any deadline for Defendants to pay the fees such that Defendants' failure to pay within a certain time period could be found to be contemptable. Moreover, to the extent that Plaintiffs alternatively contend that the February 27, 2020 Order is already a "final money judgment", the Eleventh Circuit has made clear that it is reversable error for a court to use its contempt power to coerce payment of a money judgment. U.S. Commodity Futures Trading Comm'n v. Escobio, 946 F.3d 1242, 1255 (11th Cir. 2020). "[W]hen a party fails to satisfy a court-imposed money judgment," the Eleventh Circuit has explained that "the appropriate remedy is a writ of execution, not a

finding of contempt." Combs v. Ryan's Coal Co., Inc., 785 F.2d 970, 980 (11th Cir. 1986). Thus, the Court finds that the request for Contempt and Sanctions is due to be **DENIED**.

The Court also denies Plaintiffs' request that it certify the February 27, 2020 Order as a final judgment under Rule 54(b) of the Federal Rules of Civil Procedure. No final judgment has been entered in this case because the case is ongoing as to Forrester's retaliation claims. Pursuant to Rule 54(b),

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The Court has not directed entry of final judgment on Plaintiffs' wage claims, and the Parties agreed that their settlement would not resolve all of the claims in this matter. Unless the district court directs entry of a final judgment pursuant to Rule 54(b), an adjudication of fewer than all the claims of all the parties is not an appealable final decision. In re Southeast Banking Corp., 69 F.3d 1539, 1547 (11th Cir. 1995).

The Supreme Court has outlined a two-part analysis for determining whether a judgment should be certified under Rule 54(b). Curtiss–Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7–8 (1980). First, the district court must determine that its final judgment is both "final", in that it is an ultimate disposition of an individual claim entered in the course of a multiple claim action, and a "judgment", in the sense that it is a decision upon a

cognizable claim for relief. Curtiss–Wright Corp., 446 U.S. at 7; Lloyd Noland Foundation, Inc. v. Tenet Health Care Corp., 483 F.3d 773, 777 (11th Cir. 2007).

Second, if the court finds that the decision was a final judgment, it must determine if there is any "just reason" to delay the appeal of the individual final judgment. Curtiss–Wright Corp., 446 U.S. at 8. "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." Id. In evaluating whether any just reason to delay the appeal exists, the court must balance judicial administrative interests with relevant equitable concerns in an effort to ensure that the application of Rule 54(b) does not encourage piecemeal litigation. Ebrahimi v. City of Huntsville Board of Education, 114 F.3d 162, 165–66 (11th Cir. 1997). In considering application of Rule 54(b), the court should also limit certification to instances in which immediate appeal is necessary to "alleviate some danger of hardship or injustice associated with delay." Id. at 166. The Eleventh Circuit has explained that "Rule 54(b) certifications must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Id. (citation and internal quotation marks omitted). "In instances . . . when the factual underpinnings of the adjudicated and unadjudicated claims are intertwined, courts should be hesitant to employ Rule 54(b)." Id. at 167.

Defendants object to entry of a Rule 54(b) final judgment with regard to the wage claims and attorneys' fee award, contending that they intend to appeal the Court's determination as to the amount of attorneys' fees owed, and entry of a final judgment would promote piecemeal litigation if they also appeal the ultimate decision as to

6

Forrester's retaliation claim. (Dkt. 170) On the other hand, Plaintiffs contend that certifying the attorneys' fee order as a final judgment would advance the already settled claims towards finality and allow Plaintiffs to enforce and execute upon the final judgment. (Dkt. 165 at 3)

Upon consideration of the relevant equitable concerns and the Eleventh's Circuit's admonition that piecemeal appellate practice should be the rare exception, the Court declines to certify the entry of final judgment under Rule 54(b) in this matter. Accordingly, Plaintiffs' Motion requesting that the Court certify the attorney's fee order as a final judgment pursuant to Rule 54(b) is **DENIED**. However, for clarity of the record, the Court will direct entry of a Partial Judgment in favor of Plaintiffs Brown, Forrester, and Zuehlke and against Defendants in the amount of $68,764.50 in attorney's fees and costs, consistent with the Court's February 27, 2020 Order. (Dkt. 152) Because, however, the Court has yet to enter a final judgment in this matter, Plaintiffs' motions for post-judgment writs of garnishment and execution are premature.

Upon consideration of the foregoing, the Court hereby **ORDERS** as follows:

1. The Motion for Civil Contempt, Sanctions and Supplemental Attorney's Fees filed by Plaintiff Stephanie Forrester, (Dkt. 163), is **DENIED**.

2. Plaintiffs' Motion for Entry of Judgment Pursuant to Rule 54(b), (Dkt. 165), is **DENIED**.

3. The Clerk is **DIRECTED** to enter a Partial Judgment in favor of Plaintiffs Brown, Forrester, and Zuehlke and against Defendants All Seasons Travel and Resort Inc., Omni Management Group, LLC, Deslyn Patram

Flynn, and Lawrence Flynn, jointly and severally, in the amount of $68,764.50, as awarded in the Court's February 27, 2020 Order.

4. The following motions are **DENIED WITHOUT PREJUDICE** as premature:

   a. Plaintiffs' and Judgment Creditors Brown, Forrester and Zuehlke Motion for Writ of Execution, Order to Permit and Compel Defendants' Compliance with Discovery in Aid of Execution, and for Order Compelling Defendants to Complete Fact Information Sheets, (Dkt. 173);

   b. Plaintiffs' and Judgment Creditors', Kelly Brown, Stephanie Forrester and Hannah Zuehlke's Motion for Writ of Garnishment, (Dkt. 174);

   c. Plaintiffs' Motion for Leave to File a Reply to Writ of Garnishment and Writ of Execution, (Dkt. 187); and

   d. Plaintiffs' and Judgment Creditors', Kelly Brown, Stephanie Forrester and Hannah Zuehlke's Motion for Continuing Writ of Garnishment, (Dkt. 188).

5. Plaintiffs' Motion for Supplemental Attorney's Fees, (Dkt. 195), is **DENIED**.

6. This matter is reset for trial on the **January 2021** Trial Term.

**DONE and ORDERED** in Tampa, Florida this 12th day of November 2020.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person