## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**STEPHANIE FORRESTER,**

     **Plaintiff,**

**v.**                                    **Case No: 8:18-cv-1772-T-35CPT**

**OMNI MANAGEMENT GROUP LLC, ALL
SEASONS TRAVEL AND RESORT INC. d/b/a
VACATION VILLAS OF FLORIDA; LAWRENCE
FLYNN and DESLYN PATRAM FLYNN,**

     **Defendants.**

_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

     Defendants Omni Management Group, LLC; Lawrence Flynn; and Deslyn Patram Flynn, by and through their undersigned counsel, hereby respond in opposition to Plaintiff's Motion in Limine (Doc. 198), and as grounds therefore state the following:

     1.     On December 4, 2020, Plaintiff filed Plaintiff's Motion in Limine. (Doc. 198).

     2.     Plaintiff seeks to exclude documents Bates-labeled as Defendant Prod. 2, 68 – 69, 91, 93, 96 – 109, 174 – 175, and 244 – 257. Additionally, Plaintiff seeks to exclude Plaintiff's personnel file, documents supporting Defendants' proffered reasons for Plaintiff's termination, chargeback reports, Bradley Worten's investigation notes and file, booking confirmations, customer logs, emails from customers, and Hannah Zuelke's disciplinary records.

     3.     Plaintiff's counsel continues to fail to comply with Local Rule 3.01(g) because Plaintiff's counsel has not conferred in good faith with Defendants' counsel in compliance with Local Rule 3.01(g)[1]. Therefore, Plaintiff's Motion should be denied.

---

1 Plaintiff's counsel continues to ignore the Local Rules for the Middle District of Florida. (Doc. 163; Doc. 165; Doc. 188; Doc. 195; Doc. 198).

1

4.      In preparing for trial, a party should have a heightened responsibility to comply with the Local Rules, and to clearly articulate their basis for trying to deny the opposing party an opportunity to present evidence crucial to its defense. This would include showing the Court and opposing counsel the documents they want excluded.

5.      Further, Plaintiff's Motion should also be denied because Plaintiff failed to attach the documents at issue as exhibits to Plaintiff's Motion in Limine. Plaintiff's Motion should be denied for this reason alone.

6.      Additionally, the Federal Rules of Evidence strongly favor the admissibility of relevant evidence.  *United States v. Firestone*, 816 F.2d 583, 585 (11th Cir. 1987); *see also Kannankeril v. Terminix International, Inc.*, 128 F.3d 802, 806 (3d Cir. 1997) ("The Rules of Evidence embody a strong and undeniable preference for admitting any evidence which has the potential for assisting the trier of fact.")

7.      A court has the power to exclude evidence in limine only when the evidence is clearly inadmissible on ***all potential grounds***.  *Stewart v. Hooters of America,* 2007 WL 1752838 (M.D. Fla. 2007) (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984))(emphasis added).

8.      Evidence is excluded only if the evidence is clearly inadmissible for any purpose. *Hawthorne Partners v. AT & T Technologies*, 831 F. Supp. 1398, 1400 (N.D.Ill.1993). Motions in limine are disfavored; admissibility questions should be ruled upon as they arise at trial. *Id*. Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. *Id*. at 1401.

9.      Here, the documents referenced by Plaintiff cannot be excluded via Plaintiff's Motion in Limine because Plaintiff has failed to proffer the actual documents in Plaintiff's Motion. Therefore, the Court will not be able to ascertain if the documents at issue are clearly inadmissible on all potential grounds.

10.      Plaintiff's Motion also fails because Plaintiff fails to correctly analyze whether the documents would be proffered for the truth of the matter asserted and whether the business records exception to hearsay is met. Further, Plaintiff fails to recognize a document could be admissible even if it is not a business record and is outside the scope of Rule 803(6).

11.      For example, Defendants' Prod. 91 and 101 are recorded recollections which would be admissible under Rule 803(5).

12.      Additionally, Plaintiff misconstrues the testimony of Defendant Lawrence Flynn. Defendant Flynn testified that he could only assume when Defendants' Prod. 97 – 102 were created. (Flynn Dep. Pg. 70, Ln. 21 – Pg. 73, Ln. 3). Accordingly, Defendants could proffer Defendants' Prod. 97 – 101 via another witness or even via Defendant Flynn if his recollection is refreshed.

13.      Plaintiff also misrepresents the creation of Defendants' Prod. 104 – 109. The data contained in Defendants' Prod. 104 – 109 was prepared prior to May 2019, the date the data was printed. Accordingly, there is no basis to support that the data reflected in Defendants' Prod. 104 – 109 does not comply with Rule 803(6).

14.      Additionally, Defendants' Prod. 2, 68 – 69, 91, 93, 96 – 105, 244 – 251, 253 – 257 are business records related to reservations and booking confirmations. Defendant Omni Management Group, LLC expects to be able to proffer the same in compliance with Rule 803(6).

15.     Defendants' Prod. 109 and 252 are also admissible as recorded recollections and pursuant to Rule 807.

16.     Defendants' Prod 106 – 107 are emails received from customers which can be proffered for reasons other than the truth of the matters asserted within the emails.

17.     Plaintiff also has not provided a specific basis for excluding Plaintiff's personnel file, the chargeback reports, Bradley Worten's investigation notes and file, booking confirmations, customer logs, emails from customers, and Hannah Zuelke's disciplinary records.

18.     Rather, Plaintiff seems to be focusing on the weight of the evidence versus the admissibility of the same.

19.     Moreover, it is "well settled that evidence offered by an employer to show its lawful motivation for discharging an employee is not hearsay because it is not offered for the truth of the matter asserted." *Johnston v. Centurylink, Inc*., 2012 U.S. Dist. Lexis 154430 (W.D. Wash. Oct. 26, 2012); *Henein v. Saudi Arabian Parsons Ltd*., 818 F.2d 1508, 1512 (9th Cir.1987) (out of court statements describing employee's use of illegal drugs not hearsay when offered to show employer's reason for employee's termination); *Rice v. Offshore Sys., Inc.*, 167 Wash. App. 77, 87, 272 P.3d 865 (2012) (incident reports describing vessel fire and former employee's conduct that were prepared by police were not hearsay in age discrimination suit where "they were offered to show Davis's motivation for the decision to terminate Rice's employment").

20.     For example, the emails from customers would not be admitted for the truth of the matter asserted but rather offered to show that Defendant Omni had received complaints regarding Plaintiff. Such testimony is relevant in demonstrating Defendant Omni's non-retaliatory intent in its employment practices. See Fed. R. of Evid. 803(3). Accordingly, the

admission of this evidence is appropriate. *See United States v. Patterson*, 678 F.2d 774, 778 (9th Cir.) cert. denied, 459 U.S. 911, 103 S.Ct. 219, 74 L. Ed. 2d 174 (1982); *Haddad v. Lockheed California Corp.*, 720 F. 2d 1454, 1456 (9th Cir. 1983)(management's testimony regarding third parties' complaints about working with plaintiff was not hearsay because it was offered to demonstrate the employer's non-discriminatory intent and not to prove the truth of the complaint); *Luckie v. Ameritech Corporation*, 389 F.3d 708, 716 (7th Cir. 2004) (holding that a manager's account of a co-worker's negative comments regarding plaintiff was not hearsay because the statements were offered to show the supervisor's state of mind at the time she was disciplining plaintiff); *Sabatier v. Suntrust Bank*, No. 06-20418-CIV, 2008 WL 108796, at *1 (S.D. Fla. Jan. 4, 2008), aff'd, 301 F. App'x 913 (11th Cir. 2008)(statement properly considered to establish supervisors state of mind when she recommended terminating Plaintiff for being insubordinate and falsifying records); *Kovelesky v. First Data Corp.*, 534 Fed App'x 811, 815 (11th Cir. 2013).

21.   Additionally, Zuelke's disciplinary records are relevant. Defendant Omni can proffer the same to support its non-retaliatory business reasons for terminating Plaintiff's employment and can demonstrate a pattern and practice of Defendant Omni's enforcement of its policies and procedures.

22.   Accordingly, there is no basis for granting Plaintiff's Motion in Limine. This is even more so in light of the fact that Plaintiffs' counsel continues to fail to comply with Rule 3.01(g).

23.   Therefore, Defendants respectfully request this Court deny Plaintiff's Motion in Limine.

Respectfully submitted, this the 18th day of December 2020.

FISHER & PHILLIPS, LLP

**/s/ Andrew Froman**
Andrew Froman
Florida Bar No.: 0019429
Brett P. Owens
Florida Bar No.: 112677
101 E. Kennedy Blvd.
Suite 2350
Tampa, Florida 33602
Telephone:  813-769-7500
Facsimile:  813-769-7501
afroman@fisherphillips.com
bowens@fisherphillips.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this December 18, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the following:

> Mitchell L. Feldman, Esq.
> FELDMAN LEGAL GROUP
> 6940 W. Linebaugh Ave. #101
> Tampa, Florida 33625
> mlf@feldmanlegal.us

**/s/ Andrew Froman**
Andrew Froman
Florida Bar No.: 0019429
Brett P. Owens
Florida Bar No.: 112677
101 E. Kennedy Blvd.
Suite 2350
Tampa, Florida 33602
Telephone:  813-769-7500
Facsimile:  813-769-7501
afroman@fisherphillips.com
bowens@fisherphillips.com

*Counsel for Defendants*
